# Hargis v. Breathitt County.

### Nov. 6, 1942.

A. H. Hargis for appellant.

Roscoe C. Back for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Dismissing purported appeal.

The above captioned cause was placed on the docket of this Court on July 5, 1940, as a result of the would-be appellant filing with the Clerk a statement of appeal and what purported to be a copy of the judgment of the Breathitt circuit court from which the appeal was attempted. The purported copy of the judgment was not attested or certified by the circuit clerk.

Appearing in the purported record is a motion for an order directing the circuit clerk to copy the record as well as a notice executed on the circuit clerk notifying him that this motion would be made. Also appearing is an affidavit by the would-be appellant stating that although he had filed a schedule in the circuit clerk's office that official had failed and refused to copy the record. This affidavit contained a prayer that he be permitted to file the purported copy of the judgment and that an order be entered directing the circuit clerk to copy the record and deliver same to this Court.

Appearing in the record is also a purported copy of a petition filed against the circuit clerk in the Breathitt circuit court by Mr. Hargis for a writ of mandamus directing the clerk to copy the record and following this

a purported copy of the judgment of the Breathitt circuit court granting this writ of mandamus. Then appears a purported copy of the petition in the action in which the adverse judgment was rendered against Mr. Hargis and from which he seeks to appeal.

No purported copy of any judgment, order or pleading is certified by the clerk of the Breathitt circuit court. All copies were apparently made by Mr. Hargis or by someone for him. It is thus seen that no appeal has been perfected in this Court. Section 737 of the Civil Code of Practice regulating the preparation of transcripts of records to be used in this Court provides that at the close of the transcript the clerk shall certify that it contains a true and complete copy of the record or such parts thereof as he may have been required to copy. Without such certification by the Clerk no purported transcript of the record or portion thereof may be considered by this Court. This being true, it is apparent that no appeal has been perfected. Transcripts of records or portions thereof may not be wheelbarrowed into court but may come in only pursuant to the statutory procedure governing appeals.

It is ordered that the purported appeal be stricken from the docket.